The Law Office of Anthony Paul Diehl
Anthony Paul Diehl, Esq. SBN 342160
104 Blue Note
Irvine, California 92618
Phone (949) 694-9702
Facsimile (949) 694-9704
anthony@apdlaw.net

*Attorney for Plaintiff*
*Dominic Miraglia*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dominic Miraglia,<br><br>            Plaintiff,<br><br>v.<br><br>Pennsylvania Higher Education Assistance Agency<br>            Defendant. | Case No. **'24CV0988 W    MSB**<br><br>**PLAINTIFF, DOMINIC MIRAGLIA'S COMPLAINT FOR DAMAGES UNDER THE 1) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692); 2) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC §§ 1788.10 - 1788.33); 3) TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227); 4) FAIR CREDIT REPORTING ACT (15 U.S. Code § 1681); 5) INTRUSION UPON SECLUSION; AND OTHER EQUITABLE RELIEF**<br><br>**Demand for Jury Trial** |

## JURISDICTION AND VENUE

1. This Court possesses jurisdiction over the present matter.[1]
2. Venue is proper because a substantial part of the events giving rise to these claims took place in this District and the unlawful practices alleged herein involve a federal question.
3. Further, this Court has supplemental jurisdiction over Plaintiff's California Causes of action as Plaintiff's California state law claims are so related to Plaintiff's Federal claims in this action that they form part of the same case or controversy.

**<u>PARTIES</u>**

4. Plaintiff, Dominic Miraglia, is a resident of the State of California, in the county of San Diego.
5. Plaintiff is a consumer[2] as defined in the Fair Debt Collection Practices Act ("FDCPA").[3]
6. Plaintiff is a debtor[4] as that term is defined by California's Fair Debt Collection Practices Act ("Rosenthal").[5]
7. Plaintiff incurred a "debt" as defined in the FDCPA.[6]
8. Defendant, Pennsylvania Higher Education Assistance Agency, is a company with its principal office in the State of Pennsylvania.
9. Defendant, by and through its other trade name America Education Services ("AES') regularly attempts to collect debt using mails, electronic  communication, and telephone, "consumer debts" allegedly owed to it, as

---

[1] 28 U.S.C. §§ 1331, 1337, 1367, 1391; 47 U.S.C. § 227(b)(3); and 15 U.S.C. § 1692k(d).
[2] 15 U.S.C. § 1692a(3)
[3] 15 U.S.C. § 1692 et seq
[4] Cal. Civ. Code §1788.2(h)
[5] Cal. Civ. Code §§1788.10 - 1788.33
[6] 15 U.S.C. § 1692a(5)

defined in Rosenthal.[7]

10. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

11. Defendant is a debt collector [8] and engages in debt collection.[9]

12. Defendant is subject to the FDCPA[10] and it remedies[11] as incorporated by Rosenthal.[12]

13. At all times mentioned herein, Defendant was a corporation and a "person," as defined by the Telecommunications Act of 1996.[13]

14. At all times relevant hereto, Defendant used, controlled, and/or operated an automatic telephone dialing system ("ATDS")[14] designed to place calls to Plaintiff's telephone (residential and/or wireless) using an artificial voice and/or prerecorded voice message ("Robotic Voice") [15] as defined in Telephone Consumer Protection Act ("TCPA").[16]

15. ATDS, Robotic Voice, and/or SMS may include certain Artificial Intelligence technologies ("AI").[17]

16. Defendant is a "person" as defined by the Fair Credit Reporting Act ("FCRA").[18]

## FACTS COMMON TO ALL COUNTS

17. On or about June of 2006, Defendant granted Plaintiff an extension of

---

[7] Cal. Civ. Code §1788.2(f)
[8] Cal. Civ. Code §1788.2(c)
[9] Cal. Civ. Code §1788.2(b).
[10] 15 U.S.C. §§ 1692b to 1692j
[11] 15 U.S.C. § 1692k
[12] Cal. Civ. Code §1788.17
[13] 47 U.S.C. § 153(39)
[14] 47 U.S.C. § 227(a)(1)
[15] The TCPA does not define the terms "artificial" or "prerecorded voice."
[16] 47 U.S.C. § 227
[17] See *Implications of Artificial Intelligence Technologies on Protecting Consumers from Unwanted Robocalls and Robotexts*, CG Docket No. 23-362, Declaratory Ruling, FCC 24-17 (rel. Feb. 8, 2023).
[18] 15 USC § 1681a(b)

consumer credit ("debt").[19]

18. On or around January 18, 2023, Plaintiff notified Defendant that Plaintiff is represented by an attorney with respect to such debt ("Notice").

19. Despite Defendant having prior notification and knowing that Plaintiff is represented by counsel with respect to such debt, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least one (1) time.

20. Plaintiff's Notice to Defendant effectively asserted that Plaintiff wishes Defendant cease further communications with Plaintiff.

21. Despite Defendant having notification Plaintiff wishes Defendant cease further communications with Plaintiff, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least fourteen (14) times.

22. Plaintiff's Notices revoked any prior consent that Defendant may communicate with Plaintiff by phone (residential and wireless), including by means of ATDS, Robotic Voice, and/or SMS.

23. Despite Defendant having notification Plaintiff revokes any prior consent to communicate with Plaintiff via ATDS, Robotic Voice, and/or SMS, Defendant communicated with or attempted to communicate with Plaintiff via ATDS, Robotic Voice, and/or SMS at least five (5) times.

24. Plaintiff encountered delays and clicking sounds during calls, which are indicative of the use of an ATDS by Defendant.

25. Plaintiff's regularly experienced silent calls, which are indicative of the use of an ATDS by Defendant.

26. Plaintiff noticed rapid, successive calls when unanswered, which are

---

[19] *Rowe v. Educ. Credit Mgmt. Corp.,* 559 F.3d 1028 (9th Cir. 2009)

indicative of the use of an ATDS by Defendant.

27. Plaintiff received voicemails with a robotic voice, which are indicative of the use of a pre-recorded voice by Defendant.

28. Plaintiff experienced initial silence followed by automated messages during calls, which are indicative of the use of a pre-recorded voice by Defendant.

29. Plaintiff experienced unnatural cadence or tone, lacking the typical inflections and variations associated with human speech during calls, which are indicative of the use of AI by Defendant.

30. Plaintiff experienced inappropriate pauses, mispronounce common words, use a monotone pitch, inability to answers questions, non-sensical responses, repetitive statements, which are indicative of the use of AI by Defendant.

31. Plaintiff experienced unnatural cadence or tone, lacking the typical inflections and variations associated with human speech during calls, which are indicative of the use of AI by Defendant.

32. On July 30, 2022, Plaintiff filed a Chapter 7 bankruptcy in the Southern District of California. [20]

33. Plaintiff's bankruptcy forms listed AES as a creditor which caused the Bankruptcy Court to send AES notice of the bankruptcy and automatic stay.

34. On November 2, 2022, the Bankruptcy Court entered Plaintiff's discharge order and notice thereof.

35. The Bankruptcy Court's notice of discharge was effective on Defendant by and through the Court's Electronic Data Interchange to bncnotifications@pheaa.org.

36. Despite Defendant having notification Plaintiff's bankruptcy discharge, Defendant attempted to collect on the debt at least one (1) time.

---

[20] Southern District of California Bankruptcy Court Case No. 22-02006-CL7

37. Despite Defendant having notification Plaintiff's bankruptcy discharge, Defendant failed to report to the credit reporting agencies the debt as discharged in bankruptcy with a balance due of $7,793.

38. Through its actions described above, Defendant violated the FDCPA.

39. As detailed above, by violating the FDCPA, Defendant also violated Rosenthal.

40. Through its actions described above, Defendant violated Rosenthal.

41. Through its actions described above, Defendant violated the TCPA.

42. Through its actions described above, Defendant violated FCRA.

43. Defendant's overwhelming collection activities and substantial intrusion upon seclusion, directly and proximately, caused Plaintiff undue stress, irritability, anxiety, and confusion; thereby damaging Plaintiff.

44. As a direct and proximate result of Defendant's actions, Plaintiff expended time and money consulting a lawyer, and incurred attorney fees and costs.

## COUNT I - VIOLATION OF FDCPA § 1692c(a)(2)

45. Plaintiff incorporates and reiterates all previous allegations and statements herein.

46. Defendant violated 15 U.S.C. § 1692c(a)(2) when it communicated with or attempted to communicate with Plaintiff to collect a debt after knowing Plaintiff is represented by an attorney with respect to such debt.

## COUNT II – VIOLATION OF FDCPA § 1692c(c)

47. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

48. Defendant violated 15 U.S.C. § 1692c(c) when it communicated with or attempted to communicate with Plaintiff to collect a debt after having notification Plaintiff wishes Defendant cease further communications with

1

2

Plaintiff.

3   **COUNT III – VIOLATION OF FDCPA § 1692e**

4   49. Plaintiff incorporates and reiterates all previous allegations and statements

5       herein.

6   50. Defendant violated 15 U.S.C. § 1692e when it used false and deceptive

7       means to collect on such debt by attempting to collect directly from Plaintiff

8       after knowing of attorney representation, by attempting to collect from

9       Plaintiff after notification of Plaintiff's bankruptcy stay, and by falsely

10      representing the character, amount, and legal status of the discharged debt.

11

12  **COUNT IV – VIOLATION OF FDCPA § 1692f**

13  51. Plaintiff incorporates and reiterates all previous allegations and statements

14      herein.

15  52. Defendant violated 15 USC § 1692f when it used unfair or unconscionable

16      means to collect on such debt by attempting to collect directly from Plaintiff

17      after notification of attorney representation, by attempting to collect from

18      Plaintiff after notification of Plaintiff's bankruptcy stay, and by attempting

19      to collect from Plaintiff on a discharged debt.

20

21  **COUNT V – VIOLATION OF C.C.C. § 1788.14**

22  53. Plaintiff incorporates and reiterates all previous allegations and statements

23      herein.

24  54. Defendant violated Cal. Civ. Code §1788.14 when it initiated

25      communications with Plaintiff when previously notified that Plaintiff is

26      represented by an attorney with respect to the debt.

27

28  **COUNT VI – VIOLATION OF C.C.C. § 1788.17**

55. Plaintiff incorporates and reiterates all previous allegations and statements herein.

56. Defendant violated Cal. Civ. Code §1788.17 when it failed to comply with the provisions of §§ 1692b to 1692j of the FDCPA.

## **COUNT VII – NEGLIGENT AND/OR WILLFUL VIOLATIONS OF TCPA 47 U.S.C. § 227 et. seq**

57. Plaintiff incorporates and reiterates all previous allegations and statements herein.

58. Defendant violated TCPA when it used ATDS and/or Robotic Voice to contact Plaintiff by telephone after notification of Plaintiff's revocation of consent to receive such calls.

59. The foregoing acts and omissions of Defendant constitute numerous negligent and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of the TCPA.

60. To properly plead a TCPA claim under 47 U.S.C. § 227(b), Plaintiff must merely allege the following elements: (1) a defendant called their cellular or residential phone numbers, (2) using an ATDS or artificial or pre-recorded voice, (3) without their prior express consent.[21]

61. To plead these elements as required will obviously include overlap with the very statute that a Plaintiff alleges Defendant violated. [22]

62. Therefore, Plaintiff's allegations above regarding Defendant's conduct satisfy all requisite elements for a TCPA claim, thus Defendant violated 47

---

[21] See *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

[22] See *Vaccaro v. CVS Pharmacy, Inc., No. 13-CV-174 - IEG (RBB), 2013 U.S. Dist. LEXIS 99991, at *6* (S.D. Cal. July 16, 2013) ("It does not follow that factual allegations that borrow or echo statutory language are necessarily legal conclusions. Factual allegations do not cease to be factual even if they quote a statute's language.")

U.S.C. § 227(b)(1).

63. As a result of Defendant's negligent violations of TCPA, Plaintiff is entitled to an award of $500 in statutory damages, for each violation.[23]

64. As a result of Defendant's knowing and/or willful violations of TCPA, Plaintiff is entitled to an award of $1,500 in statutory damages for every one of Defendants knowing and/or willful violations of the TCPA.[24]

65. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.[25]

## COUNT VIII – VIOLATION OF 15 U.S.C § 1681s-1(a)(1)(A)

66. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

67. Despite having notice of Plaintiffs notice of Chapter 7 bankruptcy stay, and later notice of the discharge, Defendant still falsely reports to the credit reporting agencies that a balance is due. This is a reporting of information with actual knowledge of errors.

## COUNT IX – INTRUSION UPON SECLUSION

68. Plaintiff incorporates and reiterates all previous allegations and statements herein.

69. Under California law, the essential elements of an intrusion upon seclusion claim are as follows: (1) the defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the plaintiff; (2) the intrusion was substantial, and of a kind that would be highly

---

[23] 47 U.S.C. § 227(b)(3)(B).
[24] 47 U.S.C. § 227(b)(3)(C).
[25] 47 U.S.C. § 227(b)(3)(A).

offensive to an ordinarily reasonable person; and (3) the intrusion caused plaintiff to sustain injury, damage, loss or harm.[26]

70. Defendant, by continuing to engage in communication efforts through telephone calls, and emails, after receiving Plaintiff's Notice, intentionally intruded upon the solitude and seclusion of Plaintiff. The Plaintiff's Notice clearly revoked any prior consent to such communications, issued a cease and desist directive regarding further communications, and noted the representation of Plaintiff by counsel regarding the debt.

71. Despite these clear directives, Defendant's continued communications were in direct violation of the FDCPA, Rosenthal, and TCPA. Each statute provides mechanisms for consumers to stop unauthorized contact from debt collectors and outline penalties for non-compliance, thereby underlining the substantial nature of the intrusion.

72. The persistence of Defendant's communications after such revocation and notice, especially using automated technologies that exacerbated the frequency and impersonality of the contacts, constitutes an intrusion that would be highly offensive to any reasonable person. This is particularly egregious given the clear legal requests for cessation of contact, thus evidencing a blatant disregard for both statutory protections and Plaintiff's expressed desires and legal rights.

73. As a direct result of these substantial and offensive intrusions, Plaintiff suffered significant emotional distress including stress, anxiety, and confusion, alongside the financial burden of seeking legal advice to address and halt Defendant's improper actions.

74. Therefore, Plaintiff respectfully requests that this Court find Defendant liable

---

[26] See *Smith v. Credit Corp. Sols., Inc.,* No. 3:20-cv-01295-JAH-RBB, 2022 U.S. Dist. LEXIS 59192 (S.D. Cal. Mar. 30, 2022)

for intrusion upon seclusion, taking into account the explicit statutory violations of the FDCPA, Rosenthal, and TCPA, and award compensatory damages for the emotional and financial harm suffered, plus any further relief deemed appropriate by the Court.

## **JURY DEMAND**

75. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

76. Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the California Rosenthal Fair Debt Collection Practices Act, pursuant to Cal. Civ. Code §1788.30(b);

   d. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3), 15 U.S.C. §1681n(a)(3), and Cal. Civ. Code §1788.30(c);

   e. Judgment against Defendant for $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1);

   f. Judgment against Defendant $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);

g.  Injunctive relief prohibiting Defendant from such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

h.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. §1681n(a)(1)(A);

i.  Judgment against Defendant for punitive damages for Defendant's violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. §1681n(a)(2) and for Defendant's highly offensive intrusion upon Plaintiff's seclusion as the court may allow;

j.  Any other legal and/or equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Date: June 5, 2024

Anthony Diehl, Esq.