# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC MIRAGLIA,<br><br>                     Plaintiff,<br><br>v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,<br><br>                     Defendants. | Case No.: 24-cv-00988-H-JLB<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 10.] |

On June 5, 2024, Plaintiff Dominic Miraglia ("Plaintiff") filed a complaint against Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA"). (Doc. No. 1 ("Compl.").) On August 15, 2024, PHEAA filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 10.) On September 23, 2024, Plaintiff filed a response to PHEAA's motion to dismiss. (Doc. No. 14.) On September 24, 2024, the Court took the matter under submission. (Doc. No. 15.) On September 30, 2024, PHEAA filed a reply. (Doc. No. 16.) For the reasons below, the Court grants, in part, and denies, in part, PHEAA's motion to dismiss without leave to amend.

## Background

The following factual background is taken from the allegations in Plaintiff's

complaint. Plaintiff is a resident of California. (Compl. ¶ 4.) PHEAA is a company that regularly attempts to collect debt using the name American Education Services ("AES"). (Compl. ¶¶ 8–9.) On or about June 2006, PHEAA granted Plaintiff an extension of credit. (Compl. ¶ 17.) On July 30, 2022, Plaintiff filed for Chapter 7 bankruptcy in the Bankruptcy Court for the Southern District of California. (Id. ¶ 32.) Plaintiff listed PHEAA, under the name AES, as a creditor in its bankruptcy filings. (Id. ¶ 33.) On November 2, 2022, the bankruptcy court entered a discharge order in Plaintiff's Chapter 7 case and electronically notified all of Plaintiff's creditors, including PHEAA, of the same. (Id. ¶¶ 34–35.) Following notification of the discharge, PHEAA failed to report to credit reporting agencies that Plaintiff's $7,793 in debt owed to it was discharged in bankruptcy and continued to attempt to collect the debt. (Id. ¶¶ 36–37.)

On January 18, 2023, Plaintiff notified PHEAA that he was represented by an attorney and wished to cease further communications with it. (Id. ¶¶ 18, 20.) Plaintiff received at least 14 total communications, including at least five phone calls, from PHEAA after January 18, 2023. (Id. ¶¶ 21, 23.)

On June 5, 2024, Plaintiff filed his complaint against PHEAA, alleging claims for: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (2) violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code §§ 1788 *et seq.*; (3) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*; (4) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; and (5) intrusion upon seclusion. (Compl. ¶¶ 35–74.) PHEAA moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint in its entirety for failure to state a claim.

## Discussion

### I.   Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar,

646 F.3d 1240, 1242 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to give the defendant fair notice of the claim is its grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff."  Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).  Courts may deny leave to amend where the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Telesaurus, 623 F.3d at 1003 (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

II. Analysis

    A. Ninth Circuit Precedent

PHEAA argues all of Plaintiff's claims should be dismissed because they are foreclosed by Ninth Circuit precedent as articulated in Walls v. Wells Fargo Bank, N.A.,

276 F.3d 502 (9th Cir. 2002). (Doc. No. 10 at 4–5.) As such, PHEAA argues, Plaintiff may only challenge PHEAA's conduct in the bankruptcy court via a contempt proceeding. (Id.) But Plaintiff's FDCPA and Rosenthal Act claims present two distinct theories, only one of which is precluded by Walls. Further, the Court declines to apply Walls to Plaintiff's TCPA, FCRA, and intrusion upon seclusion claims.

"[A] debtor may not pursue an FDCPA claim based on a violation of the discharge order." Brown v. Transworld Sys., Inc., 73 F.4th 1030, 1038 (9th Cir. 2023) (citing Walls, 276 F.3d at 510–11). Such claims are precluded by the Bankruptcy Code. Walls, 273 F.3d at 510 ("The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105."). Rosenthal Act claims based on a violation of a discharge order are also precluded by the Bankruptcy Code. See In re McCarther-Morgan, 373 F. App'x 778, 779 (9th Cir. 2010) (citing MSR Expl., Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 912–916 (9th Cir. 1996)); Scally v. Ditech Fin., LLC, 2017 WL 371996, at *5 (S.D. Cal. Jan. 26, 2017) (noting that "FDCPA and Rosenthal Act claims . . . based on violations of the discharge injunction [are] precluded by the Bankruptcy Code").

Such claims " 'necessarily entail[] bankruptcy-laden determinations,' which are best left to the bankruptcy court." Brown, 73 F.4th at 1038 (alteration in original) (quoting Walls, 276 F.3d at 510). But if the question of "whether an unfair debt collection practice occurred does not depend on issuance or enforcement of the discharge order," the FDCPA and Rosenthal Act claims may proceed. Id. at 1039 (quoting Manikan v. Peters & Freedman, L.L.P., 981 F.3d 712, 716 (9th Cir. 2020)).

Plaintiff's FDCPA and Rosenthal Act claims brought under 15 U.S.C. §§ 1692e–f and Cal. Civ. Code § 1788.17 are based on a theory that PHEAA "attempt[ed] to collect from Plaintiff after notification of Plaintiff's bankruptcy stay, and . . . attempt[ed] to collect from Plaintiff on a discharged debt." (Compl. ¶¶ 50, 52, 56.) Such claims would necessarily involve a determination of the scope of the discharge, including whether the debt at issue in this case was in fact discharged. Walls, 276 F.3d at 510; Banks v. Gill Dist. Ctrs., Inc., 263 F.3d 862, 868 (9th Cir. 2001) (noting the determination of whether a debt

has been discharged is exclusively within the jurisdiction of the bankruptcy court). These claims fall squarely under Walls and are precluded by the Bankruptcy Code. Walls, 276 F.3d at 510–511.

Plaintiff's FDCPA and Rosenthal Act claims brought under 15 U.S.C. § 1692c and Cal. Civ. Code § 1788.14 are based on PHEAA's continued communications with Plaintiff after he notified PHEAA that he was represented by an attorney and that he wished to cease further communications with it. (See Compl. ¶¶ 45–48.) Even if Plaintiff "had never received a discharge in [his] bankruptcy case, [he] could still assert [PHEAA] acted unlawfully by attempting to collect [his] debt" with persistent unwanted communications. Brown, 73 F.4th at 1039. As such, resolving these claims would not turn on the issuance or existence of the discharge injunction, and so are not precluded by Walls. Manikan, 981 F.3d at 716; Brown, 73 F.4th at 1039. PHEAA's argument fails as to these claims.

As to the FCRA, TCPA, and intrusion upon seclusion claims, PHEAA's only authority in support of its argument that Walls precludes claims other than those brought under the FDCPA and Rosenthal Act is a memorandum decision and recommendation from the Bankruptcy Court for the District of Nevada. (Doc. No. 10 at 5.) The bankruptcy court in that case reasoned that the Walls prohibition applied equally to FCRA, unjust enrichment, and Nevada Deceptive Trade Practices Act claims where those claims were brought as a challenge to discharge injunction violations. See Memorandum Decision & Recommendation, Davis v. KeyBank, N.A., No. 18-16836-HLB, 2024 BL 216982 (Bankr. D. Nev. May 10, 2024); see also Davis v. KeyBank, N.A., 2024 WL 3106830 (D. Nev. June 21, 2024) (adopting the bankruptcy court's recommendation). The Court is not aware of any other authorities that arrive at a similar conclusion.

Furthermore, unlike in Davis v. KeyBank, the allegations underlying Plaintiff's TCPA and intrusion upon seclusion claims do not concern the issuance or enforcement of the discharge injunction. Rather, they concern PHEAA's continued communications with Plaintiff after he notified it he wished to cease further contact regarding the debt. (Compl. ¶¶ 57–65, 68–74.) As explained above, there is no risk of allowing Plaintiff to circumvent

the remedies of the Bankruptcy Code by permitting such claims to move forward. <u>Manikan</u>, 981 F.3d at 716. Therefore, the Court declines to extend the Ninth Circuit's reasoning in <u>Walls</u> to Plaintiff's claims arising outside of the FDCPA and Rosenthal Act.

Accordingly, Plaintiff's FDCPA and Rosenthal Act claims brought under the theory that PHEAA violated Plaintiff's bankruptcy stay and discharge injunction are dismissed with prejudice.

### B. <u>Plaintiff's Remaining FDCPA and Rosenthal Act Claims</u>

PHEAA also argues that Plaintiff's FDCPA and Rosenthal Act claims should be dismissed because PHEAA is not a "debt collector" under the FDCPA. (Doc. No. 10 at 5.) The Court disagrees.

To be liable for a violation of the FDCPA, a defendant "must—as a threshold requirement—fall within the Act's definition of 'debt collector.'" <u>Izenberg v. ETS Servs., LLC</u>, 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008) (citing <u>Heintz v. Jenkins</u>, 514 U.S. 291, 294 (1995)). The FDCPA defines "debt collector" as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Therefore, a "debt collector" under the FDCPA is either "(1) 'a person' whose business's 'principal purpose' is the collection of debts (whether on behalf of himself or others); or (2) 'a person' who 'regularly' collects debts on behalf of others (whether or not it is the principal purpose of his business)." <u>Oei v. N Star Capital Acquisitions, LLC</u>, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006). Under the FDCPA, the term "debt collector" does not include any person who collects any debt owed or due to the extent such activity concerns a debt which "was originated by such person" or "was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii), (iii). But the term "debt collector" does include "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or

attempting to collect such debts." Id. § 1692a(6). "A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, 'pretends to be someone else' or 'uses a pseudonym or alias.'" Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2nd Cir. 1998) (quoting Villareal v. Snow, 1996 WL 473386, at *3 (N.D. Ill. Aug. 19, 1996)).

In his complaint, Plaintiff alleges PHEAA is his creditor and that PHEAA attempted to collect his debt using the name American Education Services ("AES"). (Compl. ¶¶ 9, 17.) Taking these allegations as true, PHEAA meets the definition of a debt collector under the FDCPA. See Oei, 486 F. Supp. 2d at 1097; Maguire, 147 F.3d at 235. In its motion, PHEAA argues it is not a debt collector because it is a loan servicer who acquired Plaintiff's student loan debt before it was in default. (Doc. No. 10 at 3, 5.) This argument is inappropriate on a motion to dismiss, where the Court may not consider facts outside of the complaint and must accept the allegations in the complaint as true. Intri-Plex Tech., Inc. v Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007); Los Angeles Lakers, 869 F.3d at 800.

PHEAA does not move to dismiss the remaining FDCPA and Rosenthal Act claims on any bases independent of those previously discussed. See supra Section II.A. Accordingly, the Court denies PHEAA's motion to dismiss as to these claims.

C. Plaintiff's TCPA Claim

PHEAA does not challenge Plaintiff's TCPA claim in its motion outside of arguments discussed supra Section II.A. Accordingly, the Court denies PHEAA's motion to dismiss as to this claim.

D. Plaintiff's FCRA Claim

PHEAA argues that Plaintiff's FCRA claim fails because (1) a private right of action does not exist under 15 U.S.C. § 1681s-2(a) and (2) Plaintiff does not allege that he disputed information on his credit report with any of the credit reporting agencies as is

required by § 1681s-2(b).[1]  (Doc. No. 10 at 6.)  The Court agrees.

In order to ensure fair and accurate credit reporting, the FRCA places duties on credit reporting agencies and parties that furnish consumer credit information to credit reporting agencies.  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009).  Section 1681s-2(b) of the FRCA imposes a duty of reinvestigation on furnishers of information upon notice of a dispute and provides a private right of action to consumers for violations of this section.  Gorman, 584 F.3d at 1162; Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002).  "To succeed on such a claim, a plaintiff must allege that he had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute."  Von Brincken v. Mortgageclose.com, Inc., 2011 WL 2621010, at *5 (E.D. Cal. June 30, 2011); see Gorman, 584 F.3d at 1162.

Plaintiff's complaint nowhere alleges that he had a dispute with a credit reporting agency or that a credit reporting agency notified PHEAA of such dispute.  Instead, Plaintiff argues that PHEAA's notification of the bankruptcy court's discharge injunction served as a sufficient notification to trigger liability under the statute.  (Doc. No. 14 at 14; Compl. ¶¶ 34–37.)  This legal theory is incorrect.  See Von Brincken, 2011 WL 2621010, at *5, Gorman, 584 F.3d at 1162.  Plaintiff cannot cure his FCRA claim's deficiency by pleading other facts consistent with his complaint.  Accordingly, it is dismissed with prejudice.  See Telesaurus, 623 F.3d at 1003.

E.  Plaintiff's Intrusion Upon Seclusion Claim

PHEAA argues that Plaintiff's intrusion upon seclusion claim fails because the communications at issue are privileged pursuant to California Civil Code § 47(c) and

---

[1] Plaintiff concedes that § 1681s-2(a) does not provide a private right of action.  (Doc. No. 14 at 13–14.)  The law on this point is clear: "[d]uties imposed on furnishers under subsection (a)" of 15 U.S.C. § 1681s-2 "are enforceable only by federal or state agencies."  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).

Plaintiff has failed to plead malice.[2]  (Doc. No. 10 at 6.)

Under § 47(c), the California common interest privilege, "a defendant who makes a statement to others on a matter of common interest is immunized from liability [in tort] so long as the statement is made 'without malice.' "  Lundquist v. Reusser, 7 Cal. 4th 1193, 1196 (1994).  Specifically, § 47(c) states, in pertinent part, that a privileged publication or broadcast is one made:

> In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

Cal. Civ. Code § 47(c).

Application of this privilege generally involves a two-step analysis:  first, the defendant must demonstrate that the communication occurred on a privileged occasion, and then the burden shifts to the plaintiff to prove that it was made with malice.  Taus v. Loftus, 40 Cal. 4th 683, 721 (2007).  This privilege should be asserted "as an affirmative defense . . . except where the existence of the privilege is disclosed on the face of the complaint."  Locke v. Mitchell, 7 Cal. 2d 599, 602 (1936) (citation omitted).

"Actual malice" must be demonstrated under the privilege, meaning the publication must be shown to be motivated by hatred or ill will towards the opposing party or that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard by publishing it.  Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370 (2003).  The requirement of malice is imposed to further California's "strong interest in allowing interested parties to communicate on subjects of common

---

[2] Because this order dismisses the FCRA claim with prejudice, Defendant's arguments regarding privileges set forth in the FCRA are moot and will not be discussed.  (Doc. No. 10 at 8.)  Furthermore, Plaintiff's intrusion upon seclusion claim is brought on a theory that Defendant harassed Plaintiff via unwanted communications, not on a theory that Defendant reported false information to a credit reporting agency.  (See Compl. ¶¶ 68–74.)  Defendant's assertion that its communications with the credit reporting agencies are protected by California common interest privilege is, therefore, irrelevant.  (See Doc. No. 10 at 6–8.)

interest without the specter of future lawsuits." Lake's Unltd., Inc. v. Allen, 114 F.3d 1194, 1997 WL 268481, at *2 (9th Cir. 1997) (unpublished table decision).

The privilege applies "where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." Cornell v. Berkeley Tennis Club, 18 Cal. App. 5th 908, 949 (2017) (cleaned up). Stated another way, a privileged communication is one that "furthers a common interest of the parties to the communication." SDV/ACCI, Inc., v. AT&T Corp., 522 F.3d 955, 962 (9th Cir. 2008). "The 'interest' must be something other than mere general or idle curiosity, such as where the parties to the communication share a contractual, business or similar relationship or the defendant is protecting his own pecuniary interest." Hawran v. Hixson, 209 Cal. App. 4th 256, 287 (2012). The existence of this privilege is usually a question of law for the court. Kashian v. Harriman, 98 Cal. App. 4th 892, 915 (2002).

It is not clear on the face of the complaint that common interest applies to the debt collection communications between Plaintiff and PHEAA. Rather, the opposite is true: Plaintiff and PHEAA had adverse interests regarding the debt and related communications. Plaintiff pleads that he believed the debt was discharged and considered PHEAA's communications about the debt as unwelcome. (Compl. ¶¶ 20, 22, 33–37.) Plaintiff went so far as to retain an attorney regarding the dispute. (Compl. ¶ 18.) No interest shared by PHEAA and Plaintiff was furthered by these communications. See SDV/ACCI, 522 F.3d at 955. PHEAA has also failed to provide any case law or authority supporting its argument that the common interest privilege applies in this context.[3] Instead, it makes a threadbare statement that itself and Plaintiff are both "interested parties." (Doc. No. 10 at 6.) Because a basis for common interest privilege does not appear on the face of the complaint, Plaintiff need not have affirmatively plead malice. See Locke, 7 Cal. 2d 599, 602.

---

[3] Defendant cites Rubio v. U.S. Bank N.A., 2014 WL 1318631 (N.D. Cal. Apr. 1, 2014) for its assertion that California common interest privilege is "applicable to collection activities." (Doc. No. 10 at 7.) The Court finds this case unpersuasive. In Rubio, the collection activities at issue were statutorily protected under California Civil Code § 47(c) by California Civil Code § 2924(b). Rubio, 2014 WL 1318631, at *5. That is not the case here, and Defendant does not argue otherwise.

The Court is not convinced that the rationale behind the California common interest privilege supports shielding the communications at issue in this case. Communications from a debt collector to a debtor do not appear to be those that California "holds a strong interest in allowing . . . without the specter of future lawsuits" as is illustrated by the existence of a private right of action for debtors as against debt collectors for improper communications under the Rosenthal Act. Allen, 114 F.3d 1194, 1997 WL 268481, at *2; cf. Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal. App. 4th 324, 337–338 (2009) (holding litigation privilege set forth in Cal. Civ. Code § 47(b) does not apply to alleged unfair debt collection practices because such application "would effectively vitiate the Rosenthal Act and render the protections it affords meaningless" (quoting Oei, 486 F. Supp. 2d at 1100)). Accordingly, PHEAA's motion to dismiss Plaintiff's intrusion upon seclusion claim is denied.

## Conclusion

For the reasons above, the Court grants PHEAA's motion to dismiss as to Plaintiff's FCRA claim and as to Plaintiff's FDCPA and Rosenthal Act claims pertaining to PHEAA's violation of the discharge injunction with prejudice. Many of PHEAA's arguments as to the remaining claims may be better raised on a motion for summary judgment when the record is more fully developed. The Court denies PHEAA's motion to dismiss as to all other claims. Accordingly, PHEAA is ordered to file an answer to the remaining portions of the complaint within **thirty (30) days** of this order.

**IT IS SO ORDERED.**

DATED: October 28, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT